IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSEPH A. WILLIAMS,

Plaintiff,

OPINION AND ORDER

13-cv-819-bbc

v.

WARDEN ROBERT WERLINGER,
AW MICHELLE AIRSMAN,
STEVEN ROBINSON and MARK STRIGUZL,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil lawsuit, pro se plaintiff Joseph A. Williams, a prisoner at the Federal Correctional Institution in Oxford, Wisconsin, contends that his rights were violated when prison staff members denied him visits and communication with a particular visitor, froze his prison account and extended the time he was required to spend in segregation. Because the Oxford prison is located in the Western District of Wisconsin, the District Court for the Eastern District of Wisconsin concluded that venue was improper under 28 U.S.C. § 1391(b) and transferred the case to this court. Having reviewed plaintiff's complaint for screening under 28 U.S.C. § 1915A, I conclude that his complaint must be dismissed for failing to properly state a claim under Fed. R. Civ. P. 8. However, I will give plaintiff an opportunity to file an amended complaint.

Plaintiff alleges the following facts in his proposed amended complaint.

ALLEGATIONS OF FACT

In December 2012, Karyl Masset visited plaintiff in the Oxford prison. Prison staff allowed her to visit despite the fact that she did not have identification. After that, staff members removed her name from plaintiff's list of approved visitors and prohibited him from receiving visits from her. They have also prohibited plaintiff from communicating with Masset by phone. Plaintiff says staff members made this decision on the basis of race and religion because he is African American and she is Caucasian and because when defendant Steven Robinson told plaintiff about the visitation decision, he also told plaintiff that the "cross on [his] neck should be burning through [his] shirt." In addition, prison staff members have frozen plaintiff's accounts and have prolonged his stay in segregation.

OPINION

Prisoners have a protected First Amendment interest in communicating with people outside the prison. Thornburgh v. Abbott, 490 U.S. 401, 407 (1989); Rowe v. Shake, 196 F.3d 778, 782 (7th Cir. 1999). Prison restrictions on an inmate's communication with the outside world are valid only so long as they are reasonably related to a legitimate penological interest. Thornburgh, 490 U.S. at 408; Turner v. Safley, 482 U.S. 78, 89 (1987); Lindell v. Frank, 377 F.3d 655, 657 (7th Cir. 2004). Legitimate penological interests include (1) deterrence of crime; (2) rehabilitation of inmates; and (3) internal security. Hardaway v. Kerr, 573 F. Supp. 419, 423 (W.D. Wis. 1983).

Restrictions based on race or religion would not be legitimate penological interests,

so plaintiff has stated some of the elements of a claim under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), which sets out the standard under which federal government actors can be held liable for constitutional wrongdoing. However, plaintiff has not identified a responsible defendant. Defendants are not liable under Bivens merely because they supervised those who allegedly committed wrongful acts or acted as messengers for those persons. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("[P]urpose rather than knowledge is required to impose Bivens liability on the subordinate for unconstitutional discrimination; the same holds true for an official charged with violations arising from his or her superintendent responsibilities.").

Rule 8 of the Federal Rules of Civil Procedure requires that plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff has failed to show that he is entitled to relief because he has not named a defendant who could be held responsible. Therefore, I will dismiss plaintiff's claim without prejudice to his refiling it. If he decides to file an amended complaint, he should identify the particular defendant or defendants responsible for the decision to deny him visitation and phone calls from Masset.

Next, it is unclear whether plaintiff is attempting to state a claim for retaliation, on the theory that his stay in segregation was extended out of retaliation for his protected conduct, Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002), or whether plaintiff is attempting to state a due process claim, Hardaway v. Meyerhoff, 734 F.3d 740, 743 (7th Cir. 2013). Plaintiff has failed to state a retaliation claim because he does not explain what

constitutionally protected conduct he engaged in. Higgs, 286 F.3d at 439. If his claim is that he was denied the First Amendment right to have a visitor, then he has failed to explain why he believes his stay in segregation was connected to his visitor. Id.

Plaintiff has also failed to state a due process claim because he has not explained what he thinks was unconstitutional about the conditions of his confinement or the duration of his time in segregation. Hardaway, 734 F.3d at 743 ("In assessing whether disciplinary segregation amounts to a constitutional violation, this court looks to 'the combined import of the duration of the segregative confinement *and* the conditions endured.'") (quoting Marion v. Columbia Correctional Institution, 559 F.3d 693, 697 (7th Cir.2009) (emphasis in original)). Finally, he does not identify the defendant or defendants he thinks were personally responsible for the constitutional violations.

If plaintiff chooses to amend his complaint to state a retaliation claim, plaintiff must identify his protected conduct and why he believes his segregation is related to it. If he chooses to amend his complaint to state a due process claim, he must allege facts about the length of his stay and the conditions in his segregation unit.

Finally, plaintiff says that his account has been frozen. Plaintiff has a right to due process in the event he is deprived of his property, which includes his prison account. Campbell v. Miller, 787 F.2d 217, 222 (7th Cir. 1986) ("It is beyond dispute that Campbell has a property interest in the funds on deposit in his prison account."). However, plaintiff has not explained whether he received notice or some sort of process before or after the freezing of his account. United States v. Jennings, 210 F.3d 376 (7th Cir. 2000) ("Notice

and post deprivation grievance procedures are sufficient process to freeze an inmate's prison trust account."). As with his other claims, he does not identify any defendant personally responsible for the alleged wrong. Without these facts, he has not stated a due process claim.

Plaintiff has failed to properly state a claim under Fed. R. Civ. P. 8 on any of the counts in his complaint. Therefore, his complaint must be dismissed but he will have an opportunity to amend his complaint to state his claim. This amended complaint must completely replace his previous one, alleging all facts necessary to state his claims and listing all defendants. If plaintiff chooses to file an amended complaint, he should identify those defendants he thinks are personally responsible for each claim and he should explain the reasons and procedures surrounding his stay in segregation and the freezing of his account.

ORDER

IT IS ORDERED that plaintiff Joseph A. Williams's complaint, dkt. #1, is DISMISSED for plaintiff's failure to comply with Fed. R. Civ. P. 8. He may have until May 6, 2014 to file a second amended complaint that complies with the Federal Rules of Civil Procedure as described in this order. If plaintiff fails to respond by that date, I will dismiss

the case for his failure to state a claim upon which relief may be granted.

Entered this 15th day of April, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge