IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSEPH A. WILLIAMS,

                                                                                             OPINION AND ORDER

                       Plaintiff,

                                                                                                13-cv-819-bbc

     v.

WARDEN ROBERT WERLINGER,

                          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Joseph A. Williams contends that defendant Robert Werlinger violated plaintiff's constitutional rights when he limited plaintiff's visitation with a particular person and when he froze plaintiff's prison accounts when plaintiff was a prisoner at the Federal Correctional Institution in Oxford, Wisconsin.  After plaintiff was granted leave to proceed on his claim, the United States Marshals Service was directed to serve plaintiff's complaint on defendant.  After making reasonable efforts using publicly-available searches, the Marshals Service was unable to locate defendant, who has retired from his service as the prison warden.

      In an order entered on September 12, 2014, plaintiff was given an opportunity to explain whether he wished to attempt to find and serve defendant using his own resources. Dkt. #23.  In response to the order, plaintiff says he has found an address and telephone number that might be associated with defendant but that he has been unable to verify the

information. Dkt. #26.

Plaintiff has asked the court to replace Werlinger as defendant with the new warden at the Federal Correctional Institution in Oxford, Wisconsin. He cites Fed. R. Civ. P. 25(d) in support of his request, but this provision of the Federal Rules of Civil Procedure allows courts to make automatic substitutions of officials only when the officials are sued in their *official* capacities. In this case, plaintiff is seeking money damages, which is relief he may obtain only when he sues a defendant in the defendant's *personal* capacity. In this situation, and Fed. R. Civ. P. 25(d) is inapplicable. Accordingly, plaintiff's motion for substitution must be denied.

Further, because plaintiff has not expressed any intention to continue to try to find Werlinger on his own, I conclude that his case must be dismissed under Fed. R. Civ. P. 4, without prejudice to his refiling it when service can be completed. Plaintiff is warned that the statute of limitations will continue to run while he is attempting service.

ORDER

IT IS ORDERED that

1. Plaintiff Joseph A. Williams's motion to substitute defendant Robert Werlinger, dkt. #26, is DENIED.

2. Plaintiff's amended complaint is DISMISSED without prejudice for failure to serve defendant under Fed. R. Civ. P. 4. The clerk of court is directed to enter judgment for

defendant and close the case.

    Entered this 17th day of November, 2014.

                                       BY THE COURT:
                                       /s/
                                       BARBARA B. CRABB
                                       District Judge