IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSEPH A. WILLIAMS,                                               OPINION and ORDER

       Plaintiff,                                                             13-cv-819-bbc

  v.

ROBERT WERLINGER,

       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Joseph A. Williams, a prisoner at Forrest City (Arkansas) Federal Correctional Institution, filed this civil action against defendant Robert Werlinger, the warden of the prison in which plaintiff was held previously.  Plaintiff contends that defendant violated plaintiff's constitutional rights by denying him a visitation request and freezing funds plaintiff had received from that visitor.  Defendant has filed a motion for summary judgment on the ground that plaintiff failed to satisfy the Prison Litigation Reform Act's requirement that he exhaust his administrative remedies prior to filing suit.  Defendant's motion is fully briefed and ready for resolution.

      After reviewing the parties' briefs and supporting materials, I agree with defendant that plaintiff failed to completely exhaust the available administrative claims procedure.  Under the PLRA and the relevant procedure, federal prisoners are required to appeal the denial of their administrative complaints to both the Regional Director of the Bureau of Prisons and the Bureau of Prisons' General Counsel.  However, plaintiff did not appeal the

1

denial of his claim to both of these two levels before filing suit. Accordingly, I find that plaintiff has failed to exhaust the applicable administrative procedure and defendant's motion for summary judgment must be granted.

Defendant has also filed a motion to seal certain evidentiary materials and submit them ex parte in support of his motion for summary judgment. Dkt. #65. He contends that the materials would threaten prison safety and security if they were available to plaintiff or the public. I am granting defendant's motion to submit these materials under seal and ex parte, but I am doing so without addressing whether they meet the standard for sealing documents set forth in Baxter International, Inc. v. Abbott Laboratories, 297 F.3d 544, 545-46 (7th Cir. 2002). Instead, I conclude that the documents can be submitted ex parte and under seal because they do not relate to the determination that plaintiff failed to exhaust his administrative remedies.

OPINION

Plaintiff's constitutional claims against defendant Werlinger are subject to the Prison Litigation Reform Act's exhaustion requirement set forth at 42 U.S.C. § 1997e(a). Under § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." To satisfy § 1997e(a), a prisoner must complete each step in the administrative process "in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry,

286 F.3d 1022, 1025 (7th Cir. 2002). Exhausting the administrative process requires the prisoner to pursue all available administrative appeals. Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005). If a prisoner fails to exhaust his administrative remedies before filing his lawsuit, the court must dismiss the case. Perez v. Wisconsin Department of Corrections, 182 F.3d 532, 535 (7th Cir. 1999).

Under the Federal Bureau of Prisons' Administrative Remedy Program set forth in 28 C.F.R. §§ 542.10-19, all inmates in institutions operated by the Bureau of Prisons are allowed "to seek formal review of any issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. Plaintiff's complaints about defendant's decision to seize his prison account funds and prevent certain individuals from visiting him fall within the scope of the Administrative Remedy Program because they relate to his confinement.

The Administrative Remedy Program applicable to plaintiff's claims sets up a four-step claim and appeal procedure. First, a prisoner must informally raise his problems with prison staff and provide staff an opportunity to resolve the issue without resort to the formal administrative claims procedure. 28 C.F.R. § 542.13. Second, if a prisoner's attempt to resolve his problems informally is unsuccessful, he may submit a "formal written Administrative Remedy Request" to the prison's warden. 28 C.F.R. § 542.14. Third, if the prisoner is not satisfied with the warden's response, he may "submit an Appeal on the appropriate form to the appropriate Regional Director." 28 C.F.R. § 542.15. Fourth and finally, if the prisoner if not satisfied with the Regional Director's response, he may appeal to the General Counsel for the Bureau of Prisons. Id. The regulations provide that "[a]ppeal

to the General Counsel is the final administrative appeal." Id.

Although plaintiff completed the first three steps of the Administrative Remedy Program, he did not complete the fourth and final step: appealing to the Bureau of Prison's General Counsel. On October 9, 2013 plaintiff filed an informal resolution form with his counselor complaining about defendant Werlinger's refusal to allow him to visit with Karyn Massett, an individual plaintiff met while in prison, and defendant's decision to freeze funds from Massett. Plaintiff's informal resolution form was rejected on October 10, 2013. The next day, plaintiff submitted a formal Administrative Remedy Request, which defendant rejected on November 6, 2013. Defendant's rejection letter informed plaintiff that Massett should not have been allowed to visit plaintiff or contribute funds to his prison account because Massett did not know plaintiff prior to his incarceration. The letter rejecting plaintiff's formal claim also explained that defendant had 20 days to appeal defendant's decision to the Regional Director.

On the same day plaintiff received defendant's initial claim rejection letter, and before plaintiff appealed defendant's decision to the Regional Director, plaintiff filed this lawsuit; he did not appeal defendant's initial claim decision to the Regional Director until November 11, 2013. Although plaintiff had already initiated litigation, the Regional Director nevertheless responded to plaintiff's appeal on November 22, 2013 with a letter upholding defendant's decision. He explained that he found "no evidence of staff malfeasance" or any basis for concluding that defendant's "decision [was] contrary to policy or should be overturned."

4

Plaintiff did not make any additional effort to exhaust his administrative claim after receiving the Regional Director's letter denying his appeal. In particular, plaintiff did not appeal to the Federal Bureau of Prison's Office of General Counsel as required by 28 C.F.R. § 542.15. Instead, plaintiff gave up on the Administrative Remedy Program and focused on litigating the lawsuit he had filed after defendant rejected his initial claim.

Plaintiff maintains that his claims should not be dismissed despite his failure to exhaust his administrative remedies for three reasons, but none of these arguments are availing. First, he argues that defendant forfeited his exhaustion defense by not raising it sooner. This argument is entirely without merit. Defendant raised plaintiff's failure to exhaust in his answer to plaintiff's complaint, which is the appropriate time to raise an exhaustion defense. Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 1999) ("By asserting failure to exhaust administrative remedies in their answers . . defendants clearly complied with Rule 8(c) [and] provided [plaintiff] with ample notice of their intent to use that affirmative defense."). Moreover, the court's pretrial order allowed defendant until March 11, 2016 to move for summary judgment on exhaustion grounds, which is what he has done.

Although plaintiff is understandably frustrated by the fact that he filed this case more than two years ago, defendant cannot be penalized for the delay caused by plaintiff's and the U.S. Marshals Service's inability to effect service. Plaintiff's reliance on Fluker v. County of Kankakee, 741 F.3d 787 (7th Cir. 2013), for the proposition that a district court can ignore a valid exhaustion defense and proceed to the merits if litigation has been pending for several years is misguided. In that case, the Court of Appeals for the Seventh Circuit held

5

that a district court can ignore an exhaustion defense and decide a case on the merits, not because the case had been pending for a certain period of time, but because the case was ready to be decided on the merits. In other words, Fluker stands for the common sense proposition that when a party has moved for summary judgment on both the merits and on an exhaustion defense, a court can choose to dispose of the case on one argument or the other. Id. ("At the time of dismissal, discovery was closed, and the court had a complete factual record and all the information needed to resolve the case on the merits. . . . Accordingly, in the interests of judicial economy and finality, it made perfect sense for the district court to address the merits of the case here.").

Plaintiff's second argument to avoid dismissal is that the Administrative Remedy Program was unavailable because he was "in segregation without [the] incident report" and without access to the law library. Although courts may excuse a prisoner's failure to exhaust when the administrative claims procedure is "unavailable," Hernandez v. Dart, — F.3d —, 2016 WL 761037, at *4-5 (7th Cir. 2016), plaintiff does not explain how either his placement in segregation or the lack of an incident report prevented him from exhausting the claims procedures set forth in 28 C.F.R. §§ 542.10-19. The Administrative Remedy Program does not require prisoners to include an incident report with their complaint. To file his final appeal, all plaintiff had to do was explain why he believed the Regional Director was wrong to deny his grievance. He does not explain why he needed to use the law library. Plaintiff's contention that he was somehow prevented from exercising his administrative remedies while in segregation is further belied by the fact that he was in segregation when

he filed both his appeal to the Regional Director and this lawsuit. If a prisoner is capable of filing a federal lawsuit, he is undoubtedly capable of filing and appealing his administrative claims.

Third, plaintiff complains that the administrative claims procedure was unavailable to him because defendant threatened and intimidated him for filing an administrative claim. Although courts have held that retaliating against a prisoner for filing grievances will render the administrative procedure unavailable, plaintiff's vague and unsubstantiated allegations are insufficient to defeat defendant's failure to exhaust defense. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) (non-movant "must set forth *specific* facts showing that there is a genuine issue" for trial). Plaintiff does not point to any specific incident that could be construed as retaliatory other than the fact that plaintiff was placed in segregation. However, plaintiff does not state when he was placed in segregation, for how long he was segregated, who decided to place him in segregation, or the circumstances surrounding his segregation.

Where a litigant fails to exhaust his administrative remedies, his claims must be dismissed without prejudice. Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004). However, the dismissal of plaintiff's case is nevertheless "final" for purposes of appellate review because the time for appealing the Regional Director's denial, and thereby satisfying the exhaustion requirement for filing suit, has long passed.

ORDER

IT IS ORDERED that

1. The motion for summary judgment filed by defendant Robert Werlinger, dkt.

7

#57, is GRANTED and plaintiff Joseph A. Williams's complaint is DISMISSED WITH PREJUDICE.

2. Defendant's ex parte motion to seal and submit documents ex parte, dkt. #65, is GRANTED.

3. The clerk of court is directed to enter judgment in favor of defendant and close the case.

Entered this 11th day of April, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge